## THE PEOPLE *v.* BATTISTINI.

### APPEAL from the District Court of Ponce.

No. 1.—Decided February 10, 1904.

CRIMINAL LAW—BILL OF EXCEPTIONS—STATEMENT OF FACTS—APPELLATE COURT. —Where no bill of exceptions or statement of facts appears to have been incorporated in the record, the Supreme Court will not consider the facts upon which the guilt of the accused is predicated.

SUBSTITUTE JUDGE—APPOINTMENT OF.—Where the record fails to show by whom and in what manner the appointment of a substitute judge who presided at the trial was made, it will be presumed that such appointment was regularly made by competent authority and in accordance with law.

JUDGE DE FACTO—VALIDITY OF PROCEEDINGS—COLLATERAL ATTACK.—In the absence of a showing to the effect that the appointment of a substitute judge who intervened in the trial of a cause was illegally made, such judge, upon well-settled principles of law, will be deemed to be a *de facto* judge, and in case of the failure of any of the parties to question his participation

de base para apreciar los hechos que sirvieran de fundamento á una declaración de culpabilidad.

TESTIGO DE CARGO.—INDEFENSIÓN.—El hecho de que el Tribunal inferior prescinda de la declaración de un testigo de cargo, no puede constituir indefensión para el acusado, pues es al Pueblo de Puerto Rico á quién compete obtener su declaración.

DOCUMENTO PRIVADO.—FALSEDAD.—El Artículo 1193 del Código Civil no es aplicable á un caso en que se impute falsedad ó simulación de un documento privado.

IMPOSTURA.—SUS ELEMENTOS.—Los elementos que integran el delito de impostura, previsto en el Artículo 470 del Código Penal, son cuatro: 1, que el agente obre á sabiendas é intencionalmente; 2, que se valga de falsas simulaciones; 3, que esas falsas simulaciones sean fraudulentas; 4, que se defraude dinero ó bienes á otra persona.

ID.—ACUSACIÓN.—INTERVENCIÓN.—El primer elemento á que se refiere el párrafo anterior no es necesario consignarlo en la acusación, pues la intención se manifiesta por las circunstancias del delito y el sano juicio y diserción del acusado, y la intención maliciosa y criminal se presume por la manera y deliberación con que se intente ó cometa un acto ilegal con el fín de perjudicar á otro.

ID.—Los otros tres elementos que integran el delito previsto en el Artículo 470 del Código Penal, deben ser alegados en la acusación.

ID.—FRAUDE Ó ENGAÑO.—La simulación además de ser falsa, debe ser fraudulenta, es decir, usando fraude ó engaño, que consiste en la ingeniosa sagacidad empleada por el agente para seducir al que intenta perjudicar, obsecando su inteligencia ó perturbando su voluntad por las sugestiones astutas de que es objeto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado del apelado: *Sr. del Toro* (Fiscal).

El JUEZ ASOCIADO SR. HERNÁNDEZ emitió la siguiente opinión del Tribunal:

El caso sometido á la decisión de esta Corte Suprema es un recurso de apelación interpuesto por Pedro Simón Battistini contra sentencia del Tribunal de Distrito de Ponce, que le condenó, como autor del delito de impostura, á la pena de un año de presidio con trabajos forzados, que extinguiría en la Penitenciaría de esta Isla, y al pago de las costas cuasadas en el juicio, con devolución, á su legítimo dueño, de las al-

in the trial, his acts will be considered valid and cannot be successfully attacked in a collateral proceeding.

ID.—WITNESS FOR THE PROSECUTION—RIGHT OF DEFENDANT TO BE CONFRONTED BY.—The fact that the prosecution fails to produce a witness in its own behalf, where said witness had not been subpoenaed by the defendant, who claimed that he was thus deprived of a right under the eighth amendment to the Constitution of the United States in not being confronted by the witnesses against him, affords no ground of complaint on the part of the defendant, inasmuch as the prosecution is under no obligation to the defense to produce a witness whose testimony may not favor the presentation of its case.

ID.—PRIVATE DOCUMENT—FALSITY.—Article 1193 of the Civil Code is not applicable to a case involving the falsity or simulation of a private document.

ID.—FALSE PRETENSES—ELEMENTS OF OFFENSE.—To constitute the offense of obtaining money under false pretenses four things must concur, viz., that the agent acts knowingly and designedly, that he avails himself of false pretenses, that such false pretenses are fraudulent, and that he defrauds another person of money or property.

ID.—INFORMATION—AVERMENTS.—On an information charging the offense of obtaining property under false pretenses, it is not necessary to allege an intent to defraud, since the intent and guilty knowledge are to be inferred from the circumstances of the crime and the sound mind and discretion of the accused, and the malicious and criminal intent is presumed from the manner and deliberation with which an unlawful act is intended or committed with the object of injuring another. The other three elements involved in the crime, as defined and made punishable by section 470 of the Penal Code, must, however, be alleged and proven to sustain a valid conviction.

ID.—FALSE AND FRAUDULENT REPRESENTATIONS.—False representations may not be fraudulent, and before a conviction will be upheld under an information charging the crime of obtaining property under false pretenses, it must be affirmatively shown that fraud or deceit was employed to induce another person to part with his money or other property.

The facts are stated in the opinion.

*Mr. Alvarez Nava,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

The case submitted to the decision of this Supreme Court is an appeal taken by Pedro Simón Battistini from the judgment of the District Court of Ponce which sentenced him as convicted of the crime of fraudulent representation, to one year of imprisonment at hard labor to be served out in the penitentiary of this Island, and to the payment of the costs

hajas en que fué defraudado.    El Fiscal del Distrito de
Ponce, con fecha tres de Septiembre de mil novecientos dos,
en nombre de El Pueblo de Puerto Rico, formuló acusación
contra Pedro Simón Battistini, como autor del delito grave de
impostura, comprendido en el Artículo 470 del Código Penal,
que relata en los términos siguientes:

"Pedro Simón Bettistini recibió del menor Rafael Torruella, para
garantizar un préstamo de ciento ochenta dollars, consignado en un
pagaré firmado por Torruella, á la orden de Manuel Coll, y endosado
por éste á Battistini, una sortija de oro con un zafiro y dos brillan-
tes, dos dormilonas de brillantes y un alfiler de corbata con brillan-
tes, de valor superior á cincuenta dollars, exigiendo Battistini á
Torruella que otorgara un vendí de dichas alhajas á favor de Coll,
quien luego otorgó nuevo vendí de las mismas á favor de Battistini;
y éste, prevalido de la simulación del contrato expresado, que hacia
aparecer un contrato de prenda como de venta, se ha negado á de-
volver las alhajas á los familiares de Torruella, no obstante habérsele
ofrecido el pago de los ciento ochenta dollars que garantizan''.

Celebrado el juicio oral, en sesiones que tuvieron lugar en
los días veinte y seis de Noviembre, cuatro y cinco de Diciem-
bre del año ya expresado, de las que se extendieron las corres-
pondientes actas, sin que se formulara otra protesta, que una
hecha en la segunda de dichas sesiones, por haber desesti-
mado el Tribunal, como innecesaria, la declaración de Doña
Isabel Cortada, el mencionado Tribunal, del que formaba
parte el Juez Suplente, Don Nemesio R. Canales, sin que
conste por quien, y en qué forma, se hizo su nombramiento,
dictó sentencia, por mayoria de votos, en seis de Diciembre
citado, en que, estimando probados los hechos que fueron ob-
jeto de la acusación y calificando esos hechos de delito grave
de impostura, condena á Battistini á la pena de que se deja
hecho mérito.   Contra esa sentencia el Letrado defensor del
reo interpuso recurso de apelación, alegando como motivos
los siguientes:

incurred at the trial, and restitution to the lawful owner of the jewelry of which he was defrauded. The *Fiscal* of the District of Ponce, under date of September 3, 1902, on behalf of the People of Porto Rico, filed an information against Pedro Simón Battistini, charging him with the crime of fraudulent representation, comprised under section 470 of the Penal Code, which he describes in the following terms:

"Pedro Simón Battistini received from the minor Rafael Torruella, as security for a loan of one hundred and eighty dollars, acknowledged in a note of hand signed by Torruella to the order of Manuel Coll, and endorsed by the latter to Battistini, a gold ring with a sapphire and two diamonds, two diamond screw ear-rings and a scarfpin set in diamonds, worth over fifty dollars, Battistini having required Torruella to execute a certificate of sale of said jewelry in favor of Coll, who afterwards executed another certificate of sale of the same property in favor of Battistini; and the latter, taking advantage of the aforesaid fraudulent contract by which a contract of pledge was made to appear as a contract of sale, refused to restore the jewelry to Torruella's relatives, despite an offer to pay him the sum of one hundred and eighty dollars secured by them."

Upon the oral hearing, which took place at sessions held on the 26th of November and the 4th and 5th of December of aforesaid year, the minutes whereof were duly taken, no protest having been presented except one entered at the second of said sessions, because the court had ruled out, as unnecessary, the testimony of Mrs. Isabel Cortada, the aforesaid court, of which Nemesio R. Canales formed part as substitute judge—by whom and how appointed, does not appear—delivered judgment by a majority of the court on the 6th of December aforesaid, wherein, considering the facts which form the subject-matter of the information as having been proven, and appreciating said facts as constituting the crime of fraudulent representation, condemned Battistini to the penalty hereinbefore mentioned.

From this judgment counsel for the defendant took an appeal, alleging the following grounds:

1. No haberse tenido en cuenta al dictar el fallo condenatorio el precepto del Artículo 252 del Código de Enjuiciamiento Criminal, toda vez que habiéndose presentado, entre las pruebas, un documento firmado por Rafael Torruella, mediante el cual éste vende á Manuel Coll las alhajas, de cuya defraudación es acusado Battistini ,se dá por supuesto que dicha firma de Torruella fué obtenida por medio de superchería, y se declara convicto á Battistini por la sola declaración de Manuel Coll, no acompañada por circunstancias corroborantes, y sin mediar, en la supuesta superchería, firma ó letra del acusado.

2. Haberse también prescindido en el fallo, de la regla absoluta del Artículo 253 del mencionado Código, por cuanto confesando Manuel Coll una participación en el delito, que por lo menos le da el carácter de cómplice en la comisión del mismo, se declara, sin otra prueba, convicto á Battistini, no siendo independiente del testimonio del cómplice, la prueba de los testigos de cargo, ya que éstos solo saben de los hechos, por referencia de Coll.

3. Haberse prescindido igualmente del precepto del Artículo 239 del Código de Enjuiciamiento Criminal, pues confesándose Manuel Coll, ante el Juez de Paz, autor, ó cómplice, al menos, del delito perseguido, se le ha excluido del juicio para servir de testigo al poder público antes de habérsele acusado como procedia, resultando así, por la fuerza del precepto contenido en el Artículo 241 del propio Código, que el culpable manifiesto queda impune y condenado el culpable dudoso, ó verdadero inocente.

4. Haberse infringido la 6ª. de las enmiendas á la Constitución de los Estados Unidos de America, por haberse prescindido de traer al juicio á declarar á la testigo de cargo, Doña Isabel Cortada, imposibilitando de ese modo, á pesar de

1.  In delivering the judgment of conviction no account was had of the provision contained in section 252 of the Code of Criminal Procedure, inasmuch as, together with other evidence, a document having been presented signed by Rafael Torruella, whereby the latter sells to Manuel Coll the jewelry which the defendant Battistini is charged with having defrauded, it is taken for granted that said signature of Torruella was obtained through deceit, Battistini being convicted on the sole testimony of Manuel Coll, unaccompanied by any corroborating circumstances, while no signature or handwriting of the defendant appears in this alleged fraud.

2.  The absolute rule established in section 253 of aforesaid Code has also been disregarded in the judgment, for although Manuel Coll has confessed to a participation in the offense, which, at least, gives him the character of an accomplice in the commission thereof, Battistini is convicted on the strength of no other evidence, since the testimony of the witnesses for the prosecution is not independent of that of the accomplice, their only knowledge as to the facts having been acquired through Coll.

3.  The principle contained in section 239 of the Code of Criminal Procedure has likewise been disregarded, for although Manuel Coll confessed before the justice of the peace that he was a principal or, at least, an accomplice of the crime prosecuted, he has been excluded from the trial in order that he might serve as a witness for the People, before he was arraigned, as he should have been, and thus, on the strength of the provision contained in section 241 of the said Code, the obviously guilty party goes unpunished, while the doubtful or really innocent one is convicted.

4.  Violation of Article VIII of the amendments to the Constitution of the United States, inasmuch as the witness for the prosecution, Isabel Cortada, was not summoned to testify at the trial, thereby making it impossible for the

la protesta del acusado, el careo de éste con aquélla, no habiéndosele careado tampoco con testigo alguno.

5.   Haberse prescindido del precepto del Artículo 1193 del Código Civil, relacionado íntimamente con el Código Penal, en el presente caso, al desconocerse la fuerza probatoria de los documentos de venta de las alhajas, entre las partes del contrato ó sea entre Coll y Battistini y Coll y Torruella.

6.   Haberse prescindido del testimonio especial de Don Rafael Torruella, que es la parte perjudicada por el hecho punible, en el caso de que fuera cierta su comisión, por ser el propietario de las alhajas, según confesó ante el Juez de Paz, su madre, la denunciante, Doña Isabel Cortada.

Admitido el recurso de apelación fueron elevadas á esta Corte Suprema las correspondientes copias certificadas de las actas del juicio, en las cuales no consta el detalle ó expresión de las declaraciones de los testigos, ni que fuera propuesto como tal, para su exámen, Don Rafael Torruella, ni que se denegara diligencia alguna de prueba, fuera de la declaración de Doña Isabel Cortada, no habiéndose presentado, además, pliego alguno de excepciones.   Habiéndose dado al recurso la tramitación debida, la representación del apelante, al evacuar el trámite de instrucción, además de reproducir los motivos ya expuestos en la interposición del recurso, alegó los siguientes, en apoyo de la revocación del fallo:

1.   Que de lo actuado no resulta, ni tampoco se alega, que Battistini obrara con intención de defraudar á persona alguna.

2.   Que en la cuasa no existe alegación ni prueba demostrativa de que en el acto de verificarse la operación ó contrato entre Torruella y Battistini, supiera éste que aquél era menor de edad.

3.   Que de la acusación y pruebas no resulta que Battistini se valiera de falsas simulaciones, ni de medios fraudu-

defendant, notwithstanding his protest, to be confronted by her, nor was he confronted with any witness whatever.

5. Disregard of the provision of section 1193 of the Civil Code, which is, in the present case, closely related to the Penal Code, in ignoring the value of the documents of sale of the jewelry, as evidence, between the parties to the contract, namely, between Coll and Battistini, and Coll and Torruella.

6. Having dispensed with the special testimony of Rafael Torruella, who is the party prejudiced by the punishable act, if the same was really committed, since the owner of the jewelry, according to his admission before the justice of the peace, was his mother, Isabel Cortada, who made the accusation.

The appeal having been admitted, the proper certified copies of the minutes of the trial were sent to this Supreme Court, which minutes do not contain any specification or statement of the testimony of the witnesses, nor as to Rafael Torruellas' having been proposed as such for examination, nor as to the refusal of any process for obtaining evidence, save the testimony of Isabel Cortada, and moreover it does not appear that any bill of exceptions was presented. The appeal having been conducted under the proper procedure, counsel for the appellant, upon returning the record, besides reproducing the grounds set forth in the appeal, urged the following in support of his prayer that the judgment be reversed:

1. That from the record it does not appear, nor is it alleged, that Battistini acted with the intent of defrauding anybody.

2. That no allegation or evidence exists in the case showing that when the transaction or contract was entered into between Torruella and Battistini, the latter knew that the former was under legal age.

3. That from the information and evidence it does not appear that Battistini had made use of fraudulent repre-

lentos para conseguir de Torruella las alhajas de que se trata, circunstancias necesarias, en el presente caso, para que el hecho sea constitutivo de delito.

4. Que expresando, como expresa, el Artículo 470 del Código Penal, que se comete delito por la persona que á sabiendas é intencionalmente, valiéndose de falsas ó fraudulentas simulaciones, defraudare á otro dinero ó bienes, no ha podido ser condenado Battistini, por no haberse acreditado tales circunstancias. El Fiscal impugnó el recurso, por estimar que la sentencia recaida es justa y contener los hechos declarados probados todos los requisitos que la ley exige, para que sean castigados como delito de impostura, solicitando, en su consecüencia, fuera declarado sin lugar, con las costas al recurrente.

Señalado día para la vista, hubo de suspenderse ésta por haber presentado el abogado de Battistini una moción para que se declarara nula y sin ningún valor, ni efecto, la acusación que dió orígen á la causa, por el fundamento de que en dicha acusación no se expresaba hecho alguno que constituya delito, con arreglo á las leyes de Puerto Rico, á cuyo fin alegó :

1. Que la acusación no expresa que Battistini, al ejecutar los actos de que se le acusa, lo hiciera con intención de defraudar á Rafael Torruella ó á cualquiera otra persona.

2. Que tampoco expresa la acusación que en la época en que tuvo lugar la transacción entre Battistini y Torruella, supiera el primero que el segundo era menor de edad.

3. Que en la acusación no se alega que Battistini hiciera á Torruella representaciones falsas ó fraudulentas, con objeto de defraudarle en el valor de alguna cosa.

4. Que habiéndose presentado la acusación de conformidad con el Artículo 470 del Código Penal, resulta que las ale-

sentations or pretenses or of fraudulent means to obtain from Torruella the jewelry in question, which circumstances are necessary in the present case, in order that the act may constitute a crime.

4. That inasmuch as section 470 of the Penal Code specifically states that a person commits a crime who knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property, Battistini could not have been convicted, for the reason that such circumstances were not proven. The *Fiscal* contested the appeal, because, in his opinion, the judgment delivered was just, the facts declared to have been proven containing all the requisites determined by the law to justify their being punished as a crime of fraudulent representation, wherefore he prayed that the appeal be dismissed, with costs against the appellant.

A day having been set for the hearing, the same was continued for the reason that Battistini's counsel moved that the information which gave rise to the prosecution be declared null and void upon the ground that no act was specified therein constituting a crime under the laws of Porto Rico, he alleging in support of said motion:

1. That the information does not state that Battistini, in executing the acts of which he is accused, did so with the intent to defraud Rafael Torruella, or any other person.

2. That neither does the information state that at the time of the transaction between Battistini and Torruella, the former knew that the latter was a minor.

3. That it is not alleged in the information that Battistini had made any false or fraudulent representations to Torruella for the purpose of cheating him of the value of any property.

4. That while the information was presented in accordance with section 470 of the Penal Code, the allegations con-

gaciones contenidas en la misma demuestran que los hechos
en que se funda no constituyen delito alguno, con arreglo al
texto legal citado.

5.   Que los hechos expresados en la acusación, caso de ser
ciertos, darían derecho á Torruella á entablar una demanda
civil, para anular el pagaré ú otro documento firmado por él,
y recobrar la posesión de las alhajas.  Somejante moción, á
la que se opuso el Ministerio Fiscal, fué desestimada por esta
Corte, sin perjuicio de que la representación de Battistini
pudiera alegar en el acto de la vista cuanto estimara condu-
cente á la defensa de su derecho, habiéndose celebrado ese
acto con asistencia del Ministerio Fiscal y del Letrado del
acusado.

Además de los fundamentos en que se apoya la defensa
del recurrente, hay otro que por el Tribunal ha sido traido á
debate, cuál es el de si la intervención de un Juez Suplente,
en el presente juicio, vicia de nulidad el procedimiento y el
fallo pronunciado.  Como en autos no consta por quien, ni en
qué forma, se hizo el nombramiento de dicho Juez Suplente,
es de presumirse que fué hecho por autoridad competente y
con arreglo á ley ; pero aunque así no fuera, es punto incues-
tionable que si el Juez Suplente, de que se trata, no lo fué *de
jure,* lo fué *de facto,* sin contradicción de las partes, y es
doctrina establecida por diversas Cortes Supremas de varios
Estados de la Union, y aún por la misma Corte Suprema de
los Estados Unidos, que los actos de un Juez *de facto* son
válidos y no pueden ser sustancialmente impugnados en pro-
cedimientos colaterales.  Esa doctrina fué expuesta y robus-
tecida con gran acopio de decisiones por el Hon. Juez Mac-
Leary de esta Corte Suprema, en el caso criminal de El Pueblo
de Puerto Rico contra Hobart S. Bird, por injuria·y calumnia,
por más que no le diera entonces aplicación, por tratarse de
un caso que habia de resolverse con arreglo á los Códigos
Penal y Procesal antíguos, y en armonía, por tanto, con la

tained therein show that the acts upon which it is based do not constitute a crime under aforesaid legal text.

5. That the acts set forth in the information, if true, would give Torruella a right to institute a civil suit for the purpose of annulling the promissory note or any other document signed by him and recovering possession of the jewelry.

This motion, which was opposed by the prosecution, was overruled by the court, counsel for Battistini being left at liberty to allege whatever he might deem pertinent in support of his rights at the hearing, which was had in the presence of the *Fiscal* and of counsel for the defendant.

In addition to the grounds upon which the plea of the appellant is based, there is another ground which was brought under discussion by the court, namely, whether the intervention of a substitute judge, at the present trial, did not vitiate the proceedings and judgment rendered. As the record does not state by whom and in what manner the appointment of said substitute judge was made, it is to be presumed that he was appointed by competent authority and in accordance with law; but even were it not so, there is no doubt that if the substitute judge in question was not one *de jure,* he was one *de facto,* uncontradicted by the parties, and it is a doctrine laid down by the various supreme courts of different states of the Union,. and by even the Supreme Court of the United States itself, that the acts of a *de facto* judge are valid and cannot be substantially attacked in collateral proceedings. This doctrine was set forth and strengthened with copious decisions by Mr. Justice MacLeary of this Supreme Court in the criminal case of *The People* v. *Hobart S. Bird,* for contumely and calumny, although no application was then given to it, because the case was one to be decided in accordance with the old Penal Code and Law of Criminal Procedure,

jurisprudencia establecida por el Tribunal Supremo de España, que es contraria á la jurisprudencia americana.

No puede, pues, atacarse de nulidad el juicio seguido contra Battistini. Entrando, ahora, en el exámen de los motivos de apelación, alegados en el escrito de interposición del recurso ante la Corte de Distrito de Ponce, desde luego cabe afirmar que tales motivos carecen de base para que pueda dárseles valor legal. El Artículo 252 de la Ley de Enjuiciamiento Criminal no puede haber sido infringido en el fallo recurrido, pues éste no expresa que la firma de Torruella, en el documento de venta de las alhajas á Manuel Coll, fué obtenido por medio de superchería; y además, como se ignora el detalle ó expresión de las pruebas que se practicaron en el juicio, pues en las actas de éste no consta, ni tampoco se ha presentado pliego alguno de excepciones, esta Core Suprema no puede apreciar si Battistini fué declarado convicto de los hechos de que fué acusado, por la sola declaración de Manuel Coll, sin otros méritos que la corroboraran. Tampoco es dable afirmar que la convicción de Battistini se haya derivado únicamente de la declaración de Manuel Coll, cuyo contenido se ignora, como también se ignora si la declaración de Coll, en su caso, fué confirmada, ó no, por las demás pruebas practicadas, pues falta pliego de excepciones que demuestre esos particulares, y las actas del juicio, por lo deficientes que son, no pueden suplir la falta de dicho pliego.

Los Artículos 239 y 240 del Código de Enjuiciamiento Criminal, que también se suponen infringidos, no son atinentes al caso de autos, pues Manuel Coll, cuya declaración no se encuentra en autos, no fué excluido del juicio con objeto de que sirviera como testigo del poder público, y consta, por el contrario, que tal exclusión no pudo tener lugar por faltar términos hábiles para ello, toda vez que no fué incluido en la misma acusación que Battistini. La 6ª., ó más bien la 8ª., de

and consequently, in conformity with the jurisprudence established by the Supreme Court of Spain, which is contrary to American jurisprudence.

The proceedings instituted against Battistini cannot therefore be attacked on the ground of nullity. Entering now upon an examination of the grounds of the appeal, as set forth in the writing interposing the same before the District Court of Ponce, it may be forthwith declared that these grounds lack a basis entitling them to any consideration from a legal standpoint. Section 252 of the Code of Criminal Procedure cannot have been violated in the judgment appealed from, for it is not stated therein that the signature of Torruella, in the instrument of sale of the jewelry to Manuel Coll, was obtained by false pretenses; and, moreover, as the specification or statement of the evidence taken at the trial is not known, for it does not appear in the minutes thereof, nor has any bill of exceptions been filed, this Supreme Court is not in a position to judge whether Battistini had been convicted of the acts whereof he was accused on the sole testimony of Manuel Coll, unsupported by any other evidence. Nor is there any warrant for asserting that Battistini's conviction was due exclusively to the testimony of Manuel Coll, the purport whereof is unknown, as also whether or not Coll's testimony had otherwise been corroborated by the other evidence taken, for a bill of exceptions showing these particulars is lacking, and the minutes of the trial, by reason of their deficiency, cannot supply the absence of said bill.

Sections 239 and 240 of the Code of Criminal Procedure, which were also alleged to have been violated, are not pertinent to the case at bar, for Manuel Coll, whose testimony is not found in the record, was not excluded that he might serve as a witness for the People, it appearing, on the contrary, that there was no occasion for such an exclusion, inasmuch as he had not been included in the same charge with Battistini. The eighth amendment to the Constitution of the United

las enmiendas á la Constitución de los Estados Unidos de America, que igualmente se presume infringida, no lo ha sido, en cuánto es aplicable á esta Isla, ó en la parte que guarda congruencia con el Artículo 11 del Código de Enjuiciamiento Criminal, pues todos los testigos que han declarado en el juicio han dado su testimonio en presencia del acusado, y ningún careo ha sido denegado, habiendo disfrutado Battistini de todos los derechos que le otorga el Artículo citado. El hecho de haberse prescindido por la Corte sentenciadora de la declaración de la testigo Doña Isabel Cortada, que solicitó el acusado, no arguye indefensión, pues tal declaración, según indica la parte recurrente, no era de descargo, sino de cargo, y en ese concepto al Pueblo de Puerto Rico era á quien incumbía la presentación de dicha testigo, teniendo entonces derecho el reo á repreguntarla y á carearse con la misma. La falta del testimonio de Don Rafael Torruella no puede ser invocada por el recurrente, pues no aperece que propusiera como prueba la declaración de ese testigo; y en cuanto al Artículo 1193 del Código Civil, no es aplicable al presente caso, en que se ha controvertido si los documentos de venta de las alhajas entre Coll y Battistini y Coll y Torruella eran simulados, pudiendo el Tribunal sentenciador, por el mérito combinado de todas las pruebas practicadas, estimar que tales documentos eran simulados. Respecto de los demás motivos de apelación, que como adición á los que se dejan expuestos fueron alegados ante esta Corte Suprema, guardan relación estrecha con los que sirvieron de fundamento á la moción para que se anulara la acusación; y todos ellos pueden sintetizarse en uno, ó sea, en que los hechos expuestos en la acusación, y declarados probados en la sentencia, no constituyen al delito grave de impostura, definido y penado en el Artículo 470 del Código Penal. Ese Artículo dice textualmente:

"Toda persona que á sabiendas é intencionalmente, valiéndose de falsas y fraudulentas simulaciones, defraudare dinero ó bienes á

States, which is also alleged to have been violated, was not violated so far as it is applicable to this Island or congruent to section 11 of the Code of Criminal Procedure, inasmuch as all the witnesses who testified at the trial gave their testimony in the presence of the defendant, and no confrontation with them has been denied him, Battistini having enjoyed all the rights allowed him by aforesaid section. The fact that the trial court had dispensed with the testimony of the witness Isabel Cortada, which had been called for by the defendant, did not leave him without defense, for said testimony, as declared by the appellant, was not for the defense, but for the prosecution, and such being the case, the production of this witness devolved upon the People of Porto Rico, and only in the event of her having been called, would the defendant have had a right to cross-examine said witness and be confronted with her. The absence of the testimony of Rafael Torruella cannot be invoked by the appellant, for it does not appear that he had offered as evidence the testimony of said witness. And as to section 1193 of the Civil Code, the same is not applicable to the present case, in which the question at issue was whether or not the instruments of sale of the jewelry between Coll and Battistini and Coll and Torruella, were simulated, and the trial court could, upon weighing the combined merits of all the evidence taken, conclude that said instruments were simulated.

With respect to the other grounds of appeal which by way of addition to those above stated were alleged before this Supreme Court, they bear a close relation to those which served as a basis for the motion to quash the information; and all of them may be summarized in one, namely, that the facts set forth in the information, and declared to have been proven in the judgment, do not constitute the crime of fraudulent representation, as defined and punished under section 470 of the Penal Code. The text of said section reads:

"Every person who knowingly and designedly, by false

otra persona..............incurrirá en la pena señalada para el
hurto de la cantidad de dinero ó bienes así obtenida''.

Como se vé para que exista el delito de que se deja hecho
mérito, son indispensables cuatro elementos, que lo integran:
1, que el agente obre á sabiendas é intencionalmente; 2, que
se valga de falsas simulaciones; 3, que esas falsas simula-
ciones sean fraudulentas; 4, que se defraude dinero ó bienes á
otra persona.

Que el acusado Pedro Simon Battistini obró á sabiendas é
intencionalmente, al ejecutar los hechos de que fué acusado,
no era necesario que se expresara en la acusación, pues según
el Artículo 12 del Código Penal, la intención se manifiesta por
las circunstancias relacionadas con el delito, y el sano juicio
y discreción del acusado, reputándose de sano juicio todos
los que no sean idiotas, lunáticos ó locos; y una intención
maliciosa y criminal se presume por la manera y deliberación
con que se intente ó cometa un acto ilegal, con el propósito
de perjudicar á otro. La sola lectura de la acusación formu-
lada contra Battistini revela que obró á sabiendas é inten-
cionalmente al ejecutar los hechos que se le imputan. Tam-
poco cabe duda de que el documento de venta de las alhajas,
á favor de Coll, quien luego otorgó nuevo vendí á favor de
Battistini, envolvía un contrato simulado de venta, por ser
realmente un contrato de prenda, pues así lo ha apreciado el
Tribunal sentenciador, y en el acta del juicio no se han con-
signado pruebas que demuestren el error de tal apreciación,
ni tampoco en apoyo de ese error ha venido á este Tribunal
pliego de excepciones. Hubo pues una falsa simulación en el
documento de venta de las alhajas, por Torruella á favor de
Coll. Empero, no aparece que esa falsa simulación fuera tam-
bién fraudulenta, es decir, que el documento simulado de venta
de las alhajas se consiguiera de Torruella mediante fraude ó
engaño, pues éste consiste en la ingeniosa sagacidad empleada
por el agente para seducir al que intenta perjudicar, obse-

or fraudulent representation or pretenses, defrauds any other person of money or property . . . . is punishable in the same manner and to the same extent as for larceny of the money so obtained.''

As we see, for the existence of the crime in question, four elements are indispensable, which make it complete; 1. The agent must act knowingly and designedly; 2. He must make use of false representations; 3. Such false representation must be fraudulent; 4. Another person must be defrauded of money or property.

That the defendant, Pedro Simón Battistini, acted know-ingly and designedly, when committing the acts of which he is accused, it was not necessary to state in the information, for according to section 12 of the Penal Code, the intent or in-tention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused, all persons being reputed of sound mind who are neither idiots, nor lunatics, nor affected with insanity; and a mali-cious and guilty intention is presumed from the manner and deliberation with which an unlawful act is intended or com-mitted for the purpose of injuring another. By a mere per-rusal of the information presented against Battistini, it is made evident that in executing the acts wherewith he is charged, he had done so knowingly and designedly. Nor can there be any doubt that the instrument of sale of the jewelry made in favor of Coll, who afterwards executed another in favor of Battistini, implied a simulated contract of sale, be-ing in reality a contract of pledge, for so it was considered by the trial court, and in the minutes of the trial no evidence has been set forth to show the error of this conclusion, nor was any bill of exceptions filed in this court, referring to such error. There was, then, a false representation in the instru-ment of sale of the jewelry, made by Torruella in favor of Coll. However, it does not appear that this false represen-tation was also fraudulent, in other words, that the simulated document of sale of the jewelry had been obtained from Tor-

cando su inteligencia, ó perturbando su voluntad, por las sugestiones astutas de que es objeto; y en el escrito de acusación, cuyos hechos estima probados el Tribunal sentenciador, no se consigna ningún acto de engaño ó astucia que influyera en el ánimo de Torruella para firmar el vendí de las alhajas. Firmó el documento, pero no se indica que lo hiciera sugestionado por engaño alguno, ni que desconociera el acto que ejecutaba. Tampoco aparece que Battistini defraudara á Torruella, al negarse á la devolución de las alhajas, no obstante estar prontos los familiares de Torruella á entregarle la cantidad de los ciento ochenta dollars, cuyo pago garantizaban, pues si el vendí de las alhajas fué otorgado en garantía de ese pago, Torruella no tenia derecho á reclamar aquéllas, sino mediante la devolución del dinero prestado, según el Artículo 1772 del Código Civil, si Battistini se negaba á aceptar el dinero, estaba aquél en la obligación de hacer su consignación, en la forma que previene el propio Código, para que así hubiera quedado libre de la obligación que contrajo al firmar el pagaré, y en actitud legal, para reclamar, criminal ó civilmente, sus alhajas á Battistini. Los hechos, pues, de que se acusa á Pedro Simon Battistini, no constituyen el delito de impostura que prevée y castiga el Artículo 470 del Código Penal, por no contener todos los elementos necesarios para integrar dicho delito, y en su consecuencia, procede se revoque la sentencia apelada, absolviéndose á Battistini, con las costas de oficio, y cancelándose la fianza que tiene prestada.

*Resuelto de Conformidad.*

Jueces concurrentes Sres. Presidente Quiñones, y Asociados Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de esta causa.

ruella by means of fraud or deceit, for this consists in the ingenious sagacity employed by the actor for the purpose of enticing the person he intends to prejudice, obscuring his intelligence or perturbing his volition, by the crafty suggestions of which he is the object; and in the information, the facts whereof are held to have been proven by the trial court, no deceit or craftiness is mentioned which could have so influenced the mind of Torruella as to make him sign the certificate of sale of the jewelry. He signed the document, but it is not intimated that in so doing he was induced by deceit or that he was unaware of the act he was accomplishing. Nor does it appear that Battistini had defrauded Torruella, in refusing to return the jewels, although Torruella's relatives were willing to pay him the one hundred and eighty dollars secured by them, for if the certificate of sale of the jewels was given as security for said payment, Torruella had no right to demand them, except by returning the money loaned according to section 1772 of the Civil Code; and if Battistini refused to receive the money, Torruella was obliged to deposit the same in the manner prescribed by said Code, in order to be released from the obligation he had incurred upon signing the note of hand, and so place himself in a legal condition to demand, either criminally or civilly, the restitution of his jewels from Battistini. Therefore, the acts wherewith Pedro Simón Battistini is charged do not constitute the crime of fraudulent representation, as defined and punished under section 470 of the Penal Code, inasmuch as they do not contain all the elements necessary for the consummation of such offense. Accordingly, the judgment appealed from should be reversed, and Battistini acquitted thereof, with costs to be defrayed by the Government, and the security furnished by him, cancelled .  *Decided accordingly.*

Chief Justice Quiñones and Justices Sulzbacher and MacLeary concurred.

Mr. Justice Figueras did not sit at the hearing of this case.

*Opinión concurrente del Juez Asociado Sr. Sulzbacher:*

El día diez y seis de Diciembre del mil novecientos dos, Pedro Simón Battistini fué condenado en la Corte de Distrito de Ponce del crímen de impostura y sentenciado á un año de presidio con trabajos forzados. Aparece de los autos que la causa fué juzgada por el Tribunal compuesto de Isidoro Soto Nussa, Carlos Franco Soto y Nemesio R. Canales, Juez Suplente. Este Tribunal ha resuelto varias veces que cuando aparece algún error manifiesto en los autos, que produzca la nulidad de la sentencia, debe ,de oficio, tomarlo en consideración. Me parece que en esta causa se ha cometido un error de esta naturaleza, porque de los autos se desprende que formaba parte del Tribunal sentenciador un Juez Suplente. En la causa de El Pueblo de Puerto Rico v. Hobart S. Bird, por injurias y calumnias, y resuelta por este Tribunal el día quince de Junio del corriente año, expresé mi opinión sobre este asunto, del modo siguiente: Las Cortes de Distrito tuvieron su orígen en la Sección 10 de la Orden General, número 113, que dice así:

"Cada Tribunal de Distrito se compondrá de tres Jueces, entre los cuales uno será Presidente y los cuales reunidos todos constituirán su Sala de Justicia para lo civil y criminal........".

La autoridad para nombrar Jueces Suplentes se deriva del Artículo 94 de la mismo Orden, que dice así:

"Los Tribunales nombrarán uno ó más Jueces Suplentes para que sustituyan á los propietarios en los casos de vacante, ausencias ó enfermedades. Cada Fiscal nombrará también su suplente para iguales casos............".

Por la Sección 33 de la Ley del Congreso, titulada "Ley para proveer de rentas al Pueblo de Puerto Rico y para otros fines", aprobada en doce de Abril de mil novecientos, se de-

CONCURRING OPINION OF MR. JUSTICE SULZBACHER.

On the 16th of December, 1902, Pedro Simón Battistini was convicted in the District Court of Ponce, of the crime of false and fraudulent representation, and sentenced to one year of imprisonment in the penitentiary, at hard labor. It appears from the record that the case was tried by a court composed of Isidoro Soto Nussa, Carlos Franco Soto and Nemesio R. Canales, substitute judge.

This court has decided, on several occasions, that when some manifest error appears on the record, which produces the nullity of the judgment, it should, on its own motion, take it into consideration. It seems to me that in the present case an error of this nature has been committed, because it is to be inferred from the record that a substitute judge formed part of the trial court. In the case of *The People of Porto Rico* v. *Hobart S. Bird,* for contumely and calumny (libel), decided by this court on the 15th of June of the present year (*sic*), I stated my opinion upon the subject, in the following terms:

"The district court had its origin in section 10 of General Orders No. 118, which reads:

"Each district court shall be composed of three judges, one of whom shall be presiding judge, and who shall jointly constitute a bench for civil and criminal business . . . ."

The authority to appoint supplementary judges is derived from section 94 of the same order, which reads:

"The court shall nominate one or more supplementary judges to substitute the incumbent in case of vacancy, absence or sickness. Each attorney shall also nominate his substitute for the same purpose."

By section 33 of the act of Congress, entitled "An act temporarily to provide revenues for the People of Porto Rico,

jaron subsistentes las Cortes de Distritos.   Dicha Sección dice como sigue:

"Que el poder judicial residirá en las Cortes y Tribunales de Puerto Rico establecidos ya y en ejercicio................y por la presente se declaran subsistentes dichas Cortes y Tribunales........ Disponiéndose, sin embargo: Que.............. los Jueces de las Cortes de Distrito serán nombrados por el Gobernador, con el concurso y consentimiento del Consejo Ejecutivo..............".

Aparece, por consiguiente, que dicha Ley del Congreso exige *especialmente,* que para ser Juez de las Cortes de Distrito de Puerto Rico deben existir dos condiciones positivas y absolutas, á saber: que dichos Jueces deben ser nombrados por el Gobernador, con el concurso y consentimiento del Consejo Ejecutivo, deduciéndose, implícitamente, aunque indicando, en realidad, que solamente aquellos que posean estas calificaciones, y ningunos otros, pueden ser Jueces de las Cortes de Distritos de Puerto Rico, é investidos con la jurisdicción de dicho Tribunal.   Cualquiera que haya sido la ley con respecto al nombramiento de Jueces Suplentes, vigente antes de la aprobación de la mencionada ley del Congreso de 12 de Abril de 1900, quedó implícitamente derogada y abolida por esta última.   Por lo tanto, soy de opinión, de que siendo esta una cuestión de jurisdicción debe considerarse con preferencia á cualquiera otra, y que debe revocarse la sentencia de la Corte de Distrito de Ponce.

and for other purposes," approved April 12, 1900, the district courts were continued. Said section reads as follows:

"That the judicial power shall be vested in the courts and tribunals of Porto Rico as already established and now in operation . . . all of which courts and tribunals are hereby continued . . . . *Provided, however,* that . . . . the judges of the district courts shall be appointed by the governor, by and with the advice and consent of the executive council . . . . ."

It appears by said act of Congress, therefore, that in order to be a judge of the district courts of Porto Rico, the existence of two positive and absolute conditions are especially required, namely: That said judges be appointed by the Governor, by and with the advice and consent of the Executive Council, which implicitly, if not expressly, means that only such persons as possess these qualifications, and no others, can be judges of the district courts of Porto Rico, and vested with the jurisdiction of said tribunal. Whatever may have been the law with respect to the appointment of substitute judges, in force prior to the approval of aforesaid act of Congress of April 12, 1900, it was implicitly repealed by the latter. I am of the opinion, therefore, that this being a question of jurisdiction, it should be considered with preference to any other, and that the judgment of the District Court of Ponce should be reversed.